UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **SCOTT THOMAS,** | : | 3:04cv580 (WWE) |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **INFOLINK SCREENING** | : | |
| **SERVICES, INC.,** | : | |
|     **Defendant,** | : | |
| _____ | : | |
| | : | |
| **INFOLINK SCREENING** | : | |
| **SERVICES, INC.,** | : | |
|     **Third Party Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **DATASOURCE CORP.,** | : | |
|     **Third Party Defendant.** | : | |
| _____ | : | |

## RULING ON PENDING MOTIONS

Plaintiff Scott Thomas filed an action against defendant InfoLink Screening Services for defamation, libel per se, and defamation pursuant to Connecticut General Statutes § 52-237, and negligence based on false information provided in a background report.  Defendant InfoLink has filed a third party complaint for indemnification and apportionment of liability against Datasource Corporation, which supplied the erroneous background information about plaintiff to Infolink.

Defendant InfoLink Screening Services moves for summary judgment on plaintiff's common law defamation, libel and negligence claims.  Plaintiff moves to amend his complaint and for summary judgment on defendant's third-party complaint against Datasource Corp.  For the following reasons, defendant's motion for summary

1

judgment will be granted; the motion to amend will be granted; and plaintiff's motion for summary judgment dismissing the third party complaint will be denied without prejudice.

## BACKGROUND

The parties have submitted statements of fact, affidavits, and exhibits, which reveal the following undisputed facts.

On February 25, 2002, plaintiff received a conditional offer as a sales consultant with DeCormier Nissan, an auto dealership located in Manchester, Connecticut.  This offer was conditioned upon receipt of "a satisfactory response to a complete background investigation which includes, but is not limited to, criminal history search, social security trace, motor vehicle report and other such searches as the position applied requires."

On that day, DeCormier requested InfoLink to perform a background check on plaintiff.  Plaintiff signed a notification and authorization form for InfoLink to perform a background check on him.  He also signed a form entitled "Release of Personal Information," that permitted DeCormier to obtain background information on him.

InfoLink contacted Datasource to request that it conduct a criminal record search on plaintiff.  On February 28, 2002, Datasource reported that plaintiff had been charged with "Felony — Assault on peace officer — 2 counts, Misdemeanor — Breach of peace, Interfering with law enforcement, Criminal mischief — 2nd degree." Datasource's report indicated a disposition date of "4–14-00" and a sentence of "1 year jail-suspended, 2 years probation, Probation violation 12-15-00 and received 45 days jail—released 1-28-01."

InfoLink incorporated this information into the background report provided to

DeCormier.

On March 6, 2002, after review of the background report, Joseph DeCormier questioned plaintiff about his criminal history.

On that same day, plaintiff signed a form affidavit acknowledging that he had authorized that a consumer report be provided to Decomier, that he had received a copy of the report and of his rights pursuant to the Fair Credit Reporting Act ("FCRA"), and that he did not dispute any of the information within the report.

By letter dated March 6, 2002, Mr. DeCormier rescinded plaintiff's conditional employment offer "based on an unsatisfactory response to a complete background investigation which included but was not limited to, criminal history search, social security trace, motor vehicle report and other such searches as was provided . . . by InfoLink Screening Services Inc."

On March 7, 2002, plaintiff informed InfoLink that the background report had erroneously indicated that he was convicted of a felony charge for assault on a peace officer on April 14, 2000.  InfoLink then requested Datasource to confirm the information it had provided about plaintiff.

On March 8, 2002, Datasource sent InfoLink a second background report indicating that plaintiff had been convicted of only a misdemeanor on April 14, 2000 based on charges of breach of peace, interfering with law enforcement and criminal mischief-second degree.  InfoLink confirmed Datasource's information by contacting the relevant courthouse.  InfoLink then amended its background report to reflect the misdemeanor convictions and released the report to the dealership through the web reporting system.

That same day, plaintiff visited DeCormier to explain that an error had been made in the report as to the felony charge.  Although plaintiff provided Mr. DeCormier courthouse records showing that he had <u>not</u> been convicted of a felony on April 14, 2000, Mr. DeCormier refused to offer plaintiff his former position at the dealership.  By affidavit, Mr. DeCormier avers that he found plaintiff unsuited for the position due to the "description of the incident in general, the nature of the charges, and the fact that he had been convicted of related crimes as a result."

Plaintiff commenced this action on March 5, 2004, alleging that defendant published false information about him in a background report that defendant prepared for plaintiff's employer.

On April 7, 2004, defendant removed the complaint to federal court on the basis of diversity and preemption of plaintiff's state law claims due to FCRA.  Defendant's answer on May 18, 2004 raised FCRA preemption as an affirmative defense.

## **DISCUSSION**

<u>Motion to Amend</u>

Thomas moves to amend his complaint by adding two claims against defendant InfoLink for negligence pursuant to 15 U.S.C. § 1681o and willful noncompliance with 15 U.S.C. §§ 1681a and 1681n.  Defendant argues that the amendment will result in delay of the action,  undue prejudice to defendant, and that plaintiff's motion is made in bad faith as a dilatory maneuver.  Plaintiff maintains that his proposed two counts allege facts that were previously unknown to plaintiff and could not have been pleaded

in good faith until he had received all discovery responses.[1]

A "party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Leave to amend a complaint shall be freely given when justice so requires and if plaintiff has at least colorable grounds for relief, justice does so require unless plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party. S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Housing Development Fund Co., Inc., 608 F.2d 28, 42 (2d Cir. 1979).

Defendant complains that it will be prejudiced because the additional two counts would require discovery to be reopened, retention of experts relevant to the statutory compliance issues, and the filing of dispositive motions. Plaintiff counters that defendant will not be unduly prejudiced by the amendment since the amendments are based on facts already obtained through discovery.

The Court is cognizant that the proposed amendments may result in some delay and expense to defendant. However, defendant will not be burdened with undue prejudice since extensive new discovery will not be necessary as the proposed new claims are closely related to those of the original complaint. The amendment will not result in filing a new motion for summary judgment on the existing counts, and any new dispositive motion need only address the two new claims. In light of the fact that

---

[1] On July 14, 2005, the discovery deadline expired. However, on September 28, 2005, plaintiff received a supplemental discovery response, and October 18, 2005, after the court granted plaintiff's motion to compel, defendant again provided plaintiff with supplemental discovery responses. On October 24, 2005, plaintiff submitted his motion to amend.

plaintiff filed this motion three days after he received his final supplemental discovery responses after the court granted his motion to compel, the Court does not find that the motion to amend is a dilatory maneuver made in bad faith.  Accordingly, the motion to amend will be granted.

Motion for Summary Judgment

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

Defendant argues that plaintiff's claims of defamation and negligence are barred by FCRA, 15 U.S.C. § 1681h(e), which provides in relevant part:

> no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

Thus, under § 1681h(e), consumer reporting agencies are qualifiedly immune from state law claims for negligence and defamation unless they involve malice or willful intent to injure. Courts have generally considered malice pursuant to § 1681h(e) to require that defendant either knew the information was false, or acted with reckless disregard of the truth or falsity of the statements. See Cousin v. Transunion Corp., 246 F.3d 359, 375 (5th Cir.), cert. denied, 534 U.S. 951 (2001). "Reckless disregard" requires evidence that defendant entertained actual doubt about the truth or falsity of the statement. Wiggins v. Equifax Servs., Inc., 848 F.Supp. 213, 226 (D.D.C. 1993). Plaintiff need not produce a "smoking gun" or other form of definitive proof of defendant's malicious intent, and the court should infer intent in accordance with the surrounding circumstances. Cushman v. Transunion Corp., 920 F. Supp. 80, 84 (E.D. PA. 1996).

In Cushman, the court allowed a defamation claim to be presented to a jury where evidence suggested that defendant failed to reinvestigate plaintiff's credit report pursuant to the statute although plaintiff had twice alerted it to the possibility of

inaccuracy. In this instance, it is undisputed that after plaintiff informed InfoLink of the report's possible inaccuracy, InfoLink immediately requested Datasource to investigate the accuracy of the information that it had provided about plaintiff's criminal record. Further, once Datasource provided InfoLink with the amended report, InfoLink made efforts to confirm the accuracy of Datasource's information. InfoLink then made the amended report available to DeCormier. Accordingly, upon review of the evidence, the Court finds no inference that defendant acted with malice or willful intent to injure plaintiff. No evidence raises a genuine issue of fact as to whether defendant acted with reckless disregard or that it entertained any doubt about the truth or falsity of the statement it provided to DeCormier. Summary judgment will enter on plaintiff's negligence and defamation claims.

### Motion for Summary Judgment on the Third-Party Complaint

Plaintiff has moved for summary judgment on defendant's third-party complaint, arguing that there is no express or implied cause of action for indemnity/contribution under FCRA. Defendant counters, *inter alia*, that the motion is premature since the operative complaint at the time of the motion's filing alleged only state law claims. Since an amended operative complaint will soon be filed, defendant may also seek to amend its third-party complaint. Thus, the Court will deny plaintiff's motion without prejudice.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [#35] is GRANTED; plaintiff's motion to amend [#57] is GRANTED; plaintiff's motion for summary judgment dismissing the third party complaint [#62] is DENIED without

prejudice.  Plaintiff is instructed to e-file the amended complaint within ten days of this ruling's filing date.  Defendant may file a proposed scheduling order for discovery, expert disclosure or dispositive motions as it deems necessary within thirty days of this ruling's filing date.

      SO ORDERED.

                                    /s/

                                _____
                                Warren W. Eginton
                                Senior U.S. District Judge

      Dated this 13th day of March, 2006 at Bridgeport, Connecticut.